(120 App. Div. 637)

## SCHUYLER et al. v. CULLEN.

(Supreme Court, Appellate Division, Third Department. June 25, 1907.)

1. PARTNERSHIP—AGREEMENT—CONSTRUCTION.

A partnership agreement in the business of cutting and selling ice was made for three years, and provided that at the end of that time, or on sooner determination of the agreement, one of the partners was to receive from the others $1,600 for all his interest in the "icehouses, tools, and

property" of the firm. *Held*, that the interest which he was to convey was his interest in the fixed property or plant, and did not include the ice or the unsettled partnership accounts.

**2. SAME.**

The retiring partner was still liable to share with the other partners, under the agreement, in the losses or profits of the business.

**3. SALES—CONTRACT—RIGHTS AND LIABILITIES OF PARTIES.**

Where by the terms of an agreement the title to property was to pass at a certain date upon payment of the price, and there was nothing more to be done by the purchasers, and the property was destroyed by fire after that date, the loss fell upon the purchasers, and the seller was entitled to the purchase price.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Sales, §§ 516–529.]

Appeal from Special Term, Albany County.

Action by Stephen Schuyler and another against Thomas Cullen. From a judgment for defendant, plaintiffs appeal. Reversed, and new trial granted.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

David Thompson (Arthur L. Andrews, of counsel), for appellants.

Frederick A. Chew (William W. Morrell, of counsel), for respondent.

JOHN M. KELLOGG, J. The plaintiffs seek to dissolve a copartnership and for an accounting. October 31, 1898, a partnership agreement was made between the parties, to begin November 1st of that year and continue for three years, in the business of cutting, harvesting, and selling ice. Among other things it was agreed that the icehouse shall be insured and kept in good repair, and after the payment of all expenses and charges for the conduct of such business the gains and profits thereof shall be divided between the said parties in equal shares; that at the end, or sooner determination, of the agreement the other partners shall pay to, and the said Thomas Cullen shall receive, the sum of $1,600 for all his interest in the icehouses, tools, and property of the said firm; and that said firm shall carry on the business substantially as heretofore conducted by the firm of R. P. & S. Schuyler & Cullen. Usually the ice was harvested in the winter, and the crop thus harvested was sold during the summer; but it remained in the icehouses until after November 1, 1901, the time fixed in the agreement for the termination of the copartnership. In September, 1902, the ice was sold by the plaintiffs, in the name of the firm, at a greatly reduced price; the purchaser having the right to leave it in the icehouses until December, 1903. In September, 1902, the icehouses, tools, and ice were destroyed by fire. The houses were insured under the agreement until after November 1, 1901, but were not insured at the time of the fire. The purchase price of the ice was paid, and was applied upon the indebtedness of the firm. The firm debts are not yet fully paid. The court determined that the copartnership was dissolved November 1, 1901, and was not continued or extended, and that thereupon the icehouses, tools, and other property of the copartnership belonged to the plaintiffs, and they became indebted to

the defendant for his interest therein in the sum of $1,600, and directed judgment for that amount, with interest, against the plaintiffs.

It is evident that the business was unsuccessful, and that, instead of profits, there were losses, and that the losses have not yet been fully paid. The interest in the icehouses, tools, and property for which the defendant was to receive $1,600 was his interest in the fixed property or plant, and did not include the ice or the unsettled partnership accounts. Those matters were a part of the business of the company, and are not included within the terms "icehouses, tools, and property," as used by the parties in their contract. The ice accounts due the firm and the obligations of the firm were not included in that provision for sale, and the defendant is liable to share with the plaintiffs, under the agreement, the losses or profits of the business itself.

The plaintiffs contend that the icehouses, tools, and fixed property were not transferred under the agreement, for the reason that the icehouses were occupied by the company's ice, and that therefore the loss by fire fell upon the partnership, and not upon the plaintiffs. But it is evident by the terms of the agreement that the title of the property was to pass on November 1, 1901, upon payment of the $1,600. Nothing was to be done by the defendant, and in the accounting between the parties the defendant is entitled to credit for the $1,600.

The judgment is therefore reversed, and a new trial granted, with costs to the appellants to abide the event. All concur.